```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION
```

RONALD M. HOENIG,            §
                             §
       Petitioner,           §
                             §
v.                           § Civil Action No. 4:19-CV-374-Y
                             §
UNITED STATES OF AMERICA,    §
                             §
       Respondent.           §

## OPINION AND ORDER

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Ronald M. Hoenig, a federal prisoner presently assigned to a Dallas Residential Re-entry facility operated by the Volunteers of America in Hutchins, Texas. After considering the pleading and relief sought by Petitioner and the applicable law, the Court concludes that the § 2241 petition must be dismissed.

### I.  BACKGROUND/CLAIM FOR RELIEF

Petitioner Ronald M. Hoenig was convicted in this Court for being a felon in possession of a firearm (Class A Felony) in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *United States v. Hoenig*, No.4:02-CR-035-Y(1)(N.D. Tex. Nov. 26, 2002). Hoenig was sentenced to a term of imprisonment of 240 months. *Id.* At this time, the Bureau of Prisons ("BOP") shows Hoenig's projected release date as September 23, 2019. See www.bop.gov/inmate locator (last visited May 6, 2019).

In the petition, Hoenig alleges that his current scheduled release date of September 23, 2019, is no longer correct. Specifically, he cites to the passage of the First Step Act of 2018 ("FSA 2018") as entitling him to additional days of good conduct time ("GCT") credits. (Pet. (doc. 1) at 2.) Hoenig alleges he should be entitled to release on May 23, 2019. *Id*.

**II. ANALYSIS**

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115–391, ("FSA") amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas*, 560 U.S. 474, 476 (2010)(upholding the BOP's method of awarding good-time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1). But the good-time calculation provisions of the FSA did not become effective when the law was signed on December 21, 2018. *See Banegas v. Wilson*, No. 4:19-CV-178-A (N.D. Tex. Mar. 26, 2019) (McBryde, J.); *Roy v. Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *1 (E.D. Wash. April 1, 2019). Rather, the good-time-credit change will not take effect until the Attorney General completes the "risk and needs assessment system" required to be completed within 210 days after the December 21, 2018 enactment, as provided by §§ 101(a) and 102(b)(2) of the FSA. *See Schmutzler v. Quintana*, No.5:19-046-DCR,

2

2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Therefore, § 102(b)(1) will not take effect until approximately mid-July 2019. *Id.; Banegas*, No. 4:19-CV-178-A (doc. 7.)

Federal courts are limited under Article III of the Constitution to deciding "cases" and "controversies." U.S. CONST. art. III, § 2. "In order to give meaning to Article III's case-or-controversy requirement, the courts have developed justiciability doctrines, such as the standing and ripeness doctrines." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005)(citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 650 (1992)). The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003)(internal citations omitted)).

Because the BOP does not have the authority to recalculate Hoenig's good-time credit until the relevant provisions of the FSA take effect in approximately mid-July 2019, the question of whether the BOP has erred in the calculation of Hoenig's sentence is premature and not yet ripe. *Accord Banegas v. Wilson,* No.4:19-CV-178-A (N.D. Tex. Mar. 26, 2019)(dismissing § 2241 petition seeking

3

re-calculation of good-time credits as premature)(McBryde, J.); *Gossman v. Underwood*, No.3:19-CV-351-G (BK) (N.D. Tex. April 1, 2019)(Fish, J.)(adopting findings, conclusions, and recommendation to dismiss § 2241 petition seeking recalculation of good-time without prejudice as premature); *Roy v. BOP*, 2019 WL 1441622 at *2 (discussing "ripeness" doctrine and finding that § 2241 petition challenging good-time under the FSA was premature). Accordingly, Hoenig's present petition under § 2241 must be dismissed without prejudice.

**III. ORDER**

For the reasons discussed herein, petitioner Ronald M. Hoenig's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

SIGNED May 7, 2019.

                                          TERRY R. MEANS
                                          UNITED STATES DISTRICT JUDGE